IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Eddie Lee Gordon, #10501-017, ) | |
| ) | Civil Action No. 6:05-0502-HFF-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Ruth Yancey, Warden of FCI- ) | |
| Williamsburg; Director of Federal ) | |
| Bureau of Prisons; Federal Bureau of ) | |
| Prisons; and United States of America, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

On April 27, 2005, the respondents filed a motion to dismiss or, in the alternative, for summary judgment. By order of this court filed April 28, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response on May 9, 2005. As matters outside the pleading have been submitted to and not excluded by this court, the respondent's motion will be treated as one for summary judgment.

**DISCUSSION**

As an initial matter, the respondents argue that the Director of the Federal Bureau of Prisons, the Federal Bureau of Prisons, and the United States of America are not proper parties to this action. The only proper respondent in a 28 U.S.C. §2241 action is the custodian of the petitioner, which in this case would be the warden of Federal Correctional Institution ("FCI") Williamsburg. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973). Accordingly, the respondents move to dismiss the Director of the Federal Bureau of Prisons, the Federal Bureau of Prisons and the United States of America as a respondent to this action. The petitioner did not respond to this issue. It is clear under *Braden*, however, that the warden of the prison where the petitioner is being held is the only proper respondent in a habeas action. Because respondent Ruth Yancey, Warden of FCI Williamsburg, is the petitioner's current custodian, the court finds it appropriate to dismiss the Director of the Federal Bureau of Prisons, the Federal Bureau of Prisons, and the United States of America from this action.

The petitioner was sentenced on October 23, 1996, to a term of 360 months incarceration for the offenses of possession of a firearm by a previously convicted felon, conspiracy to possess with intent to distribute cocaine base, and possession with intent to distribute cocaine base. He is currently incarcerated at FCI Williamsburg in Salters, South Carolina. The petitioner has a projected satisfaction date of June 21, 2002, via Good Conduct Time ("GCT") Release. GCT allows federal prisoners to be released prior to the full expiration of their sentence if they display "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. §3624(b). The petitioner's sentence computation reflects that his sentence commenced on October 23, 1996, he received 173 days prior custody credit, and he could earn 1,411 days GCT. The good time sheet indicates that, at the end of the first 26 years of his sentence, the petitioner will be credited with 54 days GCT

each year, and he will receive the prorated amount of seven days GCT on the last month of time to serve (m.s.j. ex. 3, Sentence Monitoring Good Time Data).

The petitioner contends that the Bureau of Prisons' ("BOP") method of calculating GCT is inconsistent with 18 U.S.C. §3624(b), which provides in the relevant section:

> (b)    Credit toward service of sentence for satisfactory behavior. --
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . . . Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. §3624(b).

Pursuant to this statute, BOP awards 54 days of GCT for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year *(see* m.s.j., ex. 1, Program Statement 5880.28). The petitioner contends that his GCT should be calculated based on the sentence "imposed" (*i.e.,* on 225 months). Thus, he asserts that he should receive 1,626 days of GCT for his 360-month sentence rather than the 1,411 days projected by the BOP (pet. at 5).

This court does not agree with the petitioner's interpretation of Section 3624(b). The Fourth Circuit Court of Appeals recently considered this very same issue in *Yi v. Federal Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005). Expressly considering "whether GCT must be awarded based upon the length of a prisoner's sentence or his time actually served," the court explained

> [t]he view that a prisoner should accrue 54 days of credit for each 365 days of good behavior is consistent with Congress' mandate that the BOP reward a prisoner "at the end of each

> year" for good behavior demonstrated "during that year." 18 U.S.C. §3624(b)(1). This language reflects "a clear congressional directive that the BOP look retroactively at a prisoner's conduct over the prior year, which makes it reasonable for the BOP only to award GCT for time served." Accordingly, we defer to the BOP's reasonable construction of 18 U.S.C. §3624(b).

412 F.3d at 534 (internal citations omitted, citing *Chevron USA Inc. v. National Resources Defense Council*, 467 U.S. 837, 843-44 (1984)). In rejecting the same interpretation of 18 U.S.C. §3624(b) that the petitioner now urges this court to adopt, the Fourth Circuit also noted that no circuit court that has addressed the issue has concluded that the interpretation advanced by the petitioner is compelled by the statute. *Id.* at 531. *See Perez-Olivo v. Chavez*, 394 F.3d 45, 49 (1st Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172, 174 (3d Cir. 2005) (per curiam); *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (per curiam); *White v. Scibana*, 390 F.3d 997, 1002 (7th Cir. 2004); *Pacheco-Camancho v. Hood*, 272 F.3d 1266, 1268 (9th Cir. 2001).

The petitioner also argues that the rule of lenity should apply in this case, so as to provide him with relief (pet. resp. at 1). "The rule of lenity holds that where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant." *Yi*, 412 F.3d at 535 (internal citations and quotations omitted). While acknowledging the ambiguity of 18 U.S.C. §3624(b), the Fourth Circuit refused to resort to the rule of lenity in *Yi* for two reasons:

> First, BOP Program Statement 5880.28 and 28 C.F.R. § 523.20 provide the public with sufficient notice that GCT shall be awarded based upon time actually served. Thus, while the language of the statute is ambiguous, the Program Statement and the regulation give the public sufficient warning to ensure that nobody mistakes the ambit of the law or its penalties. Second, 18 U.S.C. § 3624 is a statute that Congress has charged the BOP to administer. Rather than apply a presumption of lenity to resolve the ambiguity, *Chevron* requires that we *defer* to the agency's reasonable construction of the statute.

412 F.3d at 535 (emphasis original) (internal quotations and citations omitted). For these same reasons, this court agrees that the rule of lenity does not require it to adopt the petitioner's interpretation of 18 U.S.C. §3624(b).

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, this court recommends that the respondents' motion for summary judgment be granted and that this petition be dismissed.

                                                                          s/William M. Catoe  
                                                                          United States Magistrate Judge

September 12, 2005

Greenville, South Carolina